**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4348**

───────────

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff - Appellee,

　　　v.

MAURICE LAMAR JEFFERS,

　　　　　　　　Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, Senior District
Judge. (1:15-cr-00315-JFM-1)

───────────

Submitted: December 30, 2016　　　Decided: January 9, 2017

───────────

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.
Rod J. Rosenstein, United States Attorney, Rachel Miller Yasser,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Lamar Jeffers pleaded guilty to converting the property of another as a U.S. Officer, in violation of 18 U.S.C. § 654 (2012), and to theft of government property greater than $1000, in violation of 18 U.S.C. § 641 (2012). The district court imposed two concurrent above-Guidelines sentences of imprisonment for one year and one day, upwardly varying from the Sentencing Guidelines range of zero to six months' imprisonment. On appeal, Jeffers challenges both the procedural and substantive reasonableness of his sentence. After reviewing the sentence, we affirm the district court's judgment.

This court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. Id. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Id.

When explaining the sentence, "the district court must state in open court the particular reasons supporting its chosen

2

sentence [and] set forth enough to satisfy the appellate court that [the sentencing judge] has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The district court's explanation "need not be elaborate or lengthy[,]" but the district court "must make an individualized assessment based on the facts presented." Id. at 330 (emphasis omitted). While a district court must consider the statutory factors and explain its sentence, it need not explicitly reference 18 U.S.C. § 3553(a) (2012) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Only if we find the sentence procedurally reasonable can we consider its substantive reasonableness. Gall, 552 U.S. at 51. This assessment requires us to "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance" and the sentence itself. Id. at 51; United States v. Diosdado-Star, 630 F.3d 359, 366-67. Nevertheless, "[t]he farther the [district] court diverges from the advisory guideline range, the more compelling the reasons for divergence must be." United States v. Hampton,

3

441 F.3d 284, 288 (4th Cir. 2006) (internal quotation marks omitted).

The record of Jeffers' sentencing hearing confirms that the district court imposed a procedurally and substantively reasonable sentence. The court cited § 3553(a), discussed reasons for the sentence that overlap with § 3553(a) factors, rejected Jeffers' nonfrivolous arguments with adequate reasons, and tailored the sentence to the seriousness of Jeffers' individual conduct.

Absent any procedural error, we next review the sentence for substantive reasonableness. While the district court imposed a sentence twice the maximum Guidelines sentence of six months, "deviations from the Guidelines range will always appear more extreme . . . when the range itself is low." Gall, 552 U.S. at 38. Here, the district court justified the extent of its deviation based upon the seriousness of Jeffers' conduct and the need for punishment to ensure that other law enforcement officers would not undermine the public's trust as Jeffers had.

Because we conclude that the district court imposed a reasonable sentence, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4